■ In the Matter of VILLAGE OF POLAND, Respondent, Relative to Acquiring Certain Real Property. WILLIAM P. BELL et al., Appellants. [637 NYS2d 575] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court did not err in granting the petition of the Village of Poland (Village) seeking to take by eminent domain a parcel of land owned by respondents. The Village asserted that the land was necessary for its water supply. Respondents argued that the Village lacked the power to condemn the parcel because most of that parcel lies outside the Village boundaries.

The power of eminent domain, inherent in the State *(First Broadcasting Corp. v City of Syracuse,* 78 AD2d 490), is delegated to municipalities by the New York Constitution, and permits condemnation of land within the boundaries of the

municipality; the power to authorize extra-territorial condemnation is reserved to the Legislature (NY Const, art IX, § 1 [e]). The Town Law contains such an express authorization by the Legislature, but the Village Law does not (compare, Town Law § 64 [2], with Village Law § 1-102 [1]).

Nevertheless, a different part of the Village Law, applicable to water works, authorizes this proceeding. Section 11-1106 of the Village Law authorizes the acquisition by condemnation of "any land" necessary to the establishment of a water works. It is undisputed that the subject parcel is required for the Village's water supply. Thus, the condemnation was a valid exercise of the Village's power of eminent domain. (Appeal from Judgment of Supreme Court, Herkimer County, Parker, J.—Condemnation.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.